THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| KEVIN LAMAR ANDERSEN,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT J. DALE et al.,<br><br>Defendants. | **MEMORANDUM DECISION &<br>ORDER TO SHOW CAUSE**<br><br>Case No. 2:22-CV-386-RJS<br><br>Chief District Judge Robert J. Shelby |

Having screened Plaintiff's *pro se* prisoner civil-rights Complaint,[1] under its statutory review function,[2] the Court proposes to dismiss this action because Plaintiff has failed to state a claim upon which relief may be granted. (ECF No. 1.)

---

[1] The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2023).

[2] The screening statute reads:
> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2023).

Plaintiff names as defendants Robert J. Dale, judge; Jane and John Does, defense attorneys; and Jane or John Doe, prosecutor, all of whom participated in their various roles in state criminal proceedings that resulted in Plaintiff's incarceration for child exploitation. (*Id.*) More specifically, Plaintiff alleges Defendant Dale "allowed false evidence to proceed in his court knowingly"; Defendant-unnamed-prosecutor "filed false charges to convict [Plaintiff] with no trial"; and Defendants-unnamed-defense-attorneys "allowed the prosecutor and judge to proceed in [Plaintiff] to get prosecuted by Davis Courts without trial." (*Id.*) Plaintiff requests monetary damages. (*Id.*)

## ANALYSIS

When deciding if a complaint states a claim upon which relief may be granted, the Court takes all well-pleaded factual statements as true and regards them in a light most favorable to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is fitting when, viewing those facts as true, the Court sees that the plaintiff has not posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). Plaintiff has the burden "to frame a 'complaint with enough factual matter (taken as true) to suggest'" entitlement to relief. *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give

the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

The Court construes *pro se* "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). The Tenth Circuit holds that, if pleadings can reasonably be read "to state a valid claim on which the plaintiff could prevail, [they should be read] so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, "the proper function of the district court [is not] to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998). Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

### A. Judicial Immunity

It is well settled that judges "are absolutely immune from suit unless they act in 'clear absence of all jurisdiction,' meaning that even erroneous or malicious acts are not proper bases for § 1983 claims." *Segler v. Felfam Ltd. P'ship*, 324 F. App'x 742, 743 (10th Cir. 2009) (unpublished) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). In this case,

Defendant Dale was acting within Defendant's judicial capacity, so Defendant's actions are entitled to absolute immunity. *See Doran v. Sanchez*, 289 F. App'x 332, 332 (10th Cir. 2008) (unpublished). The Court proposes this as one basis upon which to dismiss Defendant Dale.

### B. Prosecutorial Immunity

The Complaint further alleges claims of unconstitutional behavior by Defendant-unnamed-prosecutor in seeking Plaintiff's criminal conviction. Prosecutors acting within the scope of their duties enjoy absolute immunity from § 1983 actions. *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976). Defendant's acts, as alleged by Plaintiff, appear to regard advocacy in court proceedings. Defendant-unnamed-prosecutor is therefore entitled to absolute prosecutorial immunity from claims, and the Court proposes this as a basis for this defendant's dismissal.

### C. State Actor

To state a cause of action under § 1983, Plaintiff must allege (1) deprivation of a federal right by (2) a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Watson v. City of Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988).

Defendants-unnamed-defense-counsel are identified as defendants based on their role as Plaintiff's defense counsel. Either defense counsel was private counsel hired by Plaintiff or was appointed by the judge to represent Plaintiff. Either way, defense counsel were not state actors under § 1983. Private counsel could necessarily not be a state actor. But, neither would court-appointed attorneys be state actors.

The following rule applies with court-appointed defense counsel: "[T]he Supreme Court has stated that 'a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" *Garza v.*

4

*Bandy*, 293 F. App'x 565, 566 (10th Cir. 2008) (unpublished) (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). And, "'though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983.'" *Id.* (quoting *Briscoe v. LaHue*, 460 U.S. 325, 329 n. 6 (1983)).

The Court proposes to dismiss Defendants-unnamed-criminal-defense-counsel on this basis. As an aside, the Court notes that any issues of ineffective assistance of counsel could possibly be addressed through state post-conviction proceedings, based--for one thing--on how long it has been since the conviction was final.

### D. *Heck*

"In *Heck*, the Supreme Court explained that a § 1983 action that would impugn the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Nichols v. Baer*, 315 F. App'x 738, 739 (10th Cir. 2009) (unpublished) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). *Heck* keeps litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted). *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 486.

Plaintiff argues that Plaintiff's constitutional rights were breached in a way that may attack Petitioner's very imprisonment. *Heck* requires that, if a plaintiff requests § 1983 damages,

this Court must decide whether judgment for the plaintiff would unavoidably imply that Plaintiff's incarceration is invalid. *Id.* at 487. Here, it appears it would. If this Court were to conclude that Plaintiff's constitutional rights were violated according to Plaintiff's allegations, it would be stating that Plaintiff's incarceration was not valid. Thus, these claims "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* This does not appear to have happened, so the Court proposes the *Heck* doctrine as an alternative basis upon which to dismiss the Complaint.

## ORDER

**IT IS ORDERED** that Plaintiff must within thirty days **SHOW CAUSE** why this Complaint should not be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C.S. § 1915(e)(2)(B) (2023).

DATED this 31st day of July, 2023.

BY THE COURT:

CHIEF JUDGE ROBERT J. SHELBY
United States District Court